IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYNNE FREED CARTWRIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE COMMUNITY COLLEGE, CYNTHIA BIOTEAU, DONALD L. PORTER, BRENT H. GOODFELLOW, KENT FERREL, STAN PARISH, DAVE THOMAS, CRAIG GARDNER, and DENEECE HUFTALIN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS<br><br><br>Case No. 2:10-CV-344 TS |

I. Introduction

Before the Court are two Motions to Dismiss. Plaintiff has responded to neither. The Court finds that the Motions to Dismiss should be granted.

1

II. Factual Background

In her Amended Complaint plaintiff alleges that she was employed by Defendant Salt Lake Community College (College) as an auditor and her employment was terminated on April 18, 2006.[1]

On April 19, 2010, Plaintiff filed this § 1983 civil rights case naming as defendants the College and eight individuals (the Named Defendants). On May 10, 2010, Plaintiff filed her Amended Complaint against the same Named Defendants. The Board of Regents (Board) is not named in the Amended Complaint and there are no factual allegations in the Amended Complaint regarding the Board. The Board was apparently served with the Complaint on or about August 26, 2010.[2]

III. Board's Motion to Dismiss

The Board moves to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, under Fed.R.Civ.P. 8(a)(2) for failure to properly plead, and under Fed.R.Civ.P. 4(m) for failure to serve the Complaint within one hundred and twenty(120) days of filing.

The Court finds that the Board's motion must be granted for the failure to state a claim.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" "[W]e assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." "[T]he tenet that a court must

---

[1] Amended Complaint ¶¶ 14-22.

[2] Docket No. 16 at 2 (stating date Board was served).

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3]

Plaintiff has failed to name the Board or to make a single allegation involving the Board. Nor does it name the Board in its causes of action for injunctive relief. Therefore, the Amended Complaint fails to state a claim against the Board for which relief can be granted and the Board's Motion to Dismiss will be granted. Accordingly, the Court need not address the Board's other arguments.

IV. Named Defendants

The Named Defendants move to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, under Fed.R.Civ.P. 12(b)(5) for insufficiency of process, under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and under Fed.R.Civ. P. 4(m) for failure to serve the Complaint within 120 days of filing.

The Court finds that Plaintiff has failed to show she served any Defendant within 120 days of filing. There is no evidence that defendants Goodfellow, Ferrel, Parrish, Thomas, Gardner, or Huftalin have ever been served. The only evidence of any service on Defendants Bioteau and Porter is provided by Defendants. That evidence shows only dates of service but not the return of service page of the Summonses.[4] According to

---

[3]*Bixler v. Foster,* 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) and *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir.2009)).

[4]Docket No. 9, Exs. A-B.

Defendants, there was service on Bioteau on August 20, 2010 and on Porter on August 23, 2010.

Federal Rule of Civil Procedure 4(m) provides:

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Tenth Circuit has explained that where, as in the present case, all of the named Defendants were named in the original complaint, the 120 days runs from that filing.

> To be sure, the word complaint in the Rule 4(m) requirement that service be "made upon a defendant within 120 days after the filing of the complaint," cannot be restricted to only the original complaint. If it were, then a new party could not be added in an amended complaint filed more than 120 days after the original complaint, because the new party could not be served by the 120-day deadline.
>
> But the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.[5]

Plaintiff has failed to respond to the Motions to Dismiss. Plaintiff has failed to show service on any Named Defendant within the required 120 days and has failed to make any showing of good cause for her failure. Accordingly, the Complaint was not timely served and under Rule 4(m) will be dismissed as to the Named Defendants.

---

[5] *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006).

V.

Based on the foregoing, it is

ORDERED that the Board of Regent's Motion to Dismiss (Docket No. 15) is GRANTED and the Complaint is DISMISSED with prejudice as to the Board of Regents for the failure to state a claim upon which relief can be granted. It is further

ORDERED that the Motion to Dismiss (Docket No. 9) filed by defendants Salt Lake Community College, Cynthia Bioteau, Donald L. Porter, Brent H. Goodfellow, Kent Ferrel, Stan Parrish, Dave Thomas, Craig Gardner, and Deneece Huftalin is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for untimely filing.

The Clerk of Court is directed to close this case.

DATED this 27th day of January, 2010.

_____
HONORABLE TED STEWART
United States District Court Judge